
IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE


**STATE OF TENNESSEE v. TAREAUN GRIFFIN**

**Appeal from the Criminal Court for Davidson County**
**No. 2003-B-1279     Cheryl A. Blackburn, Judge**
_____

**No. M2019-02102-CCA-R3-CD**
_____


Defendant, Tareaun Griffin, is appealing the trial court's denial of his motion to correct an illegal sentence filed pursuant to Rule of Criminal Procedure Rule 36.1  The State has filed a motion asking this Court to affirm pursuant to Court of Criminal Appeals Rule 20. Said motion is hereby granted.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal**
**Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal**
**Appeals**


TIMOTHY L. EASTER, J., delivered the opinion of the Court, in which ROBERT W. WEDEMEYER and ROBERT L. HOLLOWAY, JR., JJ. joined.

Tareaun Griffin, Only, Tennessee, Pro Se

Herbert H. Slatery III, Attorney General and Reporter; Benjamin A. Ball, Senior Assistant Attorney General; Glenn R. Funk, District Attorney General; and Megan King, Assistant District Attorney General, for the appellee, State of Tennessee.


**MEMORADUM OPINION**

Defendant was convicted by a Davidson County Criminal Court jury of especially aggravated robbery and attempted second degree murder following the armed robbery of a discount tobacco store in 2002.  The trial court sentenced Defendant to twenty years for the especially aggravated robbery conviction and to eleven years for the attempted second degree murder conviction.  The sentences were ordered to be served consecutively for an effective sentence of thirty-one years.  Subsequently, Defendant pled guilty to an

additional fifteen counts of aggravated robbery and received concurrent ten-year sentences for fourteen of the counts and a consecutive sentence of ten years for one count. Defendant's effective sentence for all counts was fifty-one years. This Court affirmed the sentences on direct appeal. *State v. Bobby W. Jenkins and Tareaun D. Griffin*, No. M2005-00593-CCA-R3-CD, 2006 WL 618303, at *1 (Tenn. Crim. App. Mar. 13, 2006), *perm. app. denied* (Tenn. Aug. 28, 2006). Defendant also pursued post-conviction relief which the post-conviction court denied and this Court affirmed. *Tareaun D. Griffin v. State*, No. M2008-01681-CCA-R3-PC, 2009 WL 3711980, at *1 (Tenn. Crim. App. Nov. 6, 2009), *perm. app. denied* (Tenn. Apr. 14, 2010).

On October 18, 2018, Defendant filed a motion to correct an illegal sentence alleging that the trial court erred by enhancing his sentence above the minimum and by finding factors necessary to impose consecutive sentencing. The trial court denied the motion concluding that Defendant failed to allege a cognizable claim. The trial court stated that "[a]s the Defendant'[s] sentence is not in contravention to the Sentencing Act, he has not raised a colorable claim pursuant to Rule 36.1." Defendant timely appealed.

Rule 36.1 permits a defendant to seek correction of an unexpired illegal sentence at any time. *See State v. Brown*, 479 S.W.3d 200, 211 (Tenn. 2015). "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). Our supreme court has interpreted the meaning of "illegal sentence" as defined in Rule 36.1 and concluded that the definition "is coextensive, and not broader than, the definition of the term in the habeas corpus context." *State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015). The court then reviewed the three categories of sentencing errors: clerical errors (those arising from a clerical mistake in the judgment sheet), appealable errors (those for which the Sentencing Act specifically provides a right of direct appeal), and fatal errors (those so profound as to render a sentence illegal and void). *Id.* Commenting on appealable errors, the court stated that those "generally involve attacks on the correctness of the methodology by which a trial court imposed sentence." *Id.* In contrast, fatal errors include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." *Id.* The court held that only fatal errors render sentences illegal. *Id.*

Defendant did not allege that he received a sentence for which he was not eligible. Defendant instead argued that the trial court erred by enhancing the length of this sentence within the appropriate range and by finding the necessary factors to order consecutive sentencing. These allegations, even if true, would be appealable errors and not render the sentence illegal. *See Wooden*, 478 S.W.3d 594-95. Further, Defendant

challenged the imposition of consecutive sentences in his direct appeal. *See Bobby W. Jenkins and Tareaun D. Griffin*, 2006 WL 618303, at*10-11. Defendant failed to allege an error that is cognizable for relief pursuant to Rule 36.1. Therefore, the trial court properly denied Defendant's motion to correct an illegal sentence.

Rule 20 of the Rules of the Court of Criminal Appeals of Tennessee provides that if a judgment is rendered by the trial court without a jury, the judgment is not a determination of guilt, the evidence does not preponderate against the finding of the trial court, and no error of law requiring a reversal of the judgment is apparent on the record, then the judgment of the trial court may be affirmed by memorandum opinion when the opinion would have no precedential value. We determine that this case meets the criteria of Rule 20. Accordingly, the ruling of the trial court is hereby affirmed in accordance with Court of Criminal Appeals Rule 20.

_____
TIMOTHY L. EASTER, JUDGE